

SEALED

**F I L E D**

MAY 2 1 2024

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRANDON JAMES DALTON
MAXWELL,
a/k/a "BMax,"
SANTOS DIEGO MENDEZ
HERNANDEZ,
BLAKE MARTIN,
a/k/a "Rowdy,"
DAKOTA SCOTT BRICKER,
a/k/a "Brick,"
MATTHEW ALLEN PIERCE,
JOHNNIE MELVIN SHUFFIELD,
GARY SCOTT CLARK,
FRANCISCO RAY LUNA,
a/k/a "Cisco,"
DUSTIN DEAN TREAT,
LEE HAYDEN ANGLIN,
JAMES DALE HODGES,
a/k/a "Jamie Hodges,"
TISHA ANN SAVAGE,
KENNETH DOUGLAS CARTER,

        Defendants.

Case No.  24-CR-00091-GKF

FILED UNDER SEAL

SUPERSEDING INDICTMENT
[COUNT ONE: 21 U.S.C.
§§ 848(a), 848(b), 848(c), and 848(d)
– Continuing Criminal Enterprise;
COUNT TWO: 21 U.S.C. §§ 846,
841(b)(1)(A)(vi), and
841(b)(1)(A)(viii) – Drug
Conspiracy;
COUNT THREE: 18 U.S.C.
§ 924(o) – Firearms Conspiracy;
COUNTS FOUR, SEVEN, EIGHT,
and ELEVEN: 18 U.S.C. §§
933(a)(1), 933(a)(3), and 933(b) –
Attempted Firearms Trafficking;
COUNTS FIVE, NINE, TWELVE,
TWENTY, TWENTY-TWO, and
TWENTY-FOUR: 21 U.S.C. §§
841(a)(1) and 841(b)(1)(A)(viii) –
Distribution of Methamphetamine;
COUNTS SIX, TEN, and
THIRTEEN: 21 U.S.C. §§ 841(a)(1)
and 841(b)(1)(B)(vi) – Distribution
of Fentanyl;
COUNT FOURTEEN: 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(C) –
Distribution of MDMA;
COUNTS FIFTEEN, TWENTY-
ONE, TWENTY-THREE, and
TWENTY FIVE: 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(A)(viii) –
Possession of Methamphetamine
with Intent to Distribute;

**COUNT SIXTEEN: 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(B)(vi) –
Possession of Fentanyl with Intent
to Distribute;
COUNT SEVENTEEN: 21 U.S.C.
§§ 841(a)(1) and 841(b)(1)(C) –
Possession of MDMA with Intent
to Distribute;
COUNT EIGHTEEN: 21 U.S.C.
§§ 846 and 841(b)(1)(A)(iii) –
Attempted Possession of Cocaine
with Intent to Distribute;
COUNT NINETEEN: 21 U.S.C.
§§ 846 and 841(b)(1)(A)(viii) – Drug
Conspiracy;
COUNT TWENTY-SIX: 18 U.S.C.
§ 1952(a)(3) – Interstate Travel to
Promote, Manage, Establish, Carry
On, and Facilitate Drug
Conspiracy;
COUNTS TWENTY-SEVEN
through THIRTY-SEVEN: 21
U.S.C. §§ 843(b) and 843(d)(1) –
Use of a Communication Facility in
Committing, Causing, and
Facilitating the Commission of a
Drug Trafficking Felony;
Forfeiture Allegations: 18 U.S.C.
§ 924(d)(1), 21 U.S.C. § 853, and 28
U.S.C. § 2461(c) – Drug and
Firearms Forfeiture]**

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**[21 U.S.C. §§ 848(a), 848(b), 848(c), and 848(d)]**

From in or about August 2022 to on or about March 20, 2024, in the Northern

District of Oklahoma and elsewhere, the defendant, **BRANDON JAMES**

**DALTON MAXWELL**, a/k/a "BMax," knowingly and intentionally engaged in a

2

continuing criminal enterprise ("CCE"), in that **MAXWELL** knowingly and

intentionally violated Title 21, United States Code, Sections 841(a)(1) and 846,

which violations included, but were not limited to, those substantive violations

alleged in the following counts in this Superseding Indictment:

| Counts | Description of Violations |
|---|---|
| 2 | Drug Conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii) |
| 5, 9, 12, 20, 22, and 24 | Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) |
| 6, 10, and 13 | Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) |
| 14 | Distribution of MDMA, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 15 | Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) |
| 16 | Possession of Fentanyl with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) |
| 17 | Possession of MDMA with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| 18 | Attempted Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii) |
| 19 | Drug Conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C)(vi) |

The above-listed violations are realleged and incorporated herein as though fully

set forth in this count, and which violations were part of a continuing series of

violations of the Controlled Substances Act, Title 21, United States Code, Section

801, et seq., undertaken by **MAXWELL** in concert with at least five other persons

with respect to whom **MAXWELL** occupied positions of organizer, supervisor, and

any other position of management, and from which such continuing series of

violations **MAXWELL** obtained substantial income and resources.

Furthermore, **MAXWELL** was a principal administrator, organizer, supervisor, and leader of the CCE, which involved:

(a) possession with intent to distribute and distribution of methamphetamine, a Schedule II controlled substance, and the amount of that methamphetamine was 300 times the quantity of the substance described in Title 21, United States Code, Section 841(b)(1)(B); and

(b) possession with intent to distribute and distribution of fentanyl, a Schedule II controlled substance, and the amount of that fentanyl was 300 times the quantity of the substance described in Title 21, United States Code, Section 841(b)(1)(B).

All in violation of Title 21, United States Code, Sections 848(a), 848(b), 848(c), and 848(d).

## COUNT TWO
### [21 U.S.C. §§ 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii)]

From in or about August 2022 to on or about March 20, 2024, in the Northern District of Oklahoma and elsewhere, the defendants, **BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," **SANTOS DIEGO MENDEZ HERNANDEZ**, **BLAKE MARTIN**, a/k/a "Rowdy," **DAKOTA SCOTT BRICKER**, a/k/a "Brick," **MATTHEW ALLEN PIERCE**, **JOHNNIE MELVIN SHUFFIELD**, **GARY SCOTT CLARK**, **FRANCISCO RAY LUNA**, a/k/a "Cisco," and **DUSTIN DEAN TREAT** ("the **MAXWELL** house"), knowingly, intentionally, and willfully conspired, confederated, and agreed, together and with others known and unknown to the Grand Jury, to commit offenses against the United States as follows:

### OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were:

(a) To possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1);

(b) To distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1);

(c) To possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1); and

(d) To distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1).

## PURPOSE OF THE CONSPIRACY

The purpose of the conspiracy was to enrich the defendants illegally through the illicit sale of methamphetamine and fentanyl to lower-level distributors, addicts, and drug users who had no lawful means of acquiring the controlled substances.

## DEFINITION OF TERMS USED BY CONSPIRATORS

During the conspiracy, the conspirators used coded language to conceal the true meaning of their communications as follows:

a. "Box" referred to kilograms;

b. "Work" referred to controlled substances;

c. "K-pack" referred to 1000 fentanyl pills;

d. "Blue Paint" referred to fentanyl;

e. "White Paint" referred to methamphetamine;

f. "Elbow" referred to a pound;

g. "Bird" referred to one kilogram;

h. "Clear" referred to methamphetamine; and

i. "Metal" referred to guns.

## MEANS AND METHODS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means and methods, among others:

1. Defendant **MAXWELL** was a Council Member for the Universal Aryan Brotherhood, an Oklahoma prison gang known for its involvement in various criminal activities.

2. The UAB was and is organized into groups referenced as "houses" with a Council Member assigned as the leader for each house.

3. Defendant **MAXWELL** would and did use his position as a UAB Council Member to lead and direct the criminal activities of the **MAXWELL** house organization, including drug and firearms trafficking.

4. In addition to Defendant **MAXWELL**, members of the **MAXWELL** house included Defendants **MARTIN**, **BRICKER**, **PIERCE**, **SHUFFIELD**, **LUNA**, **SCOTT**, **TREAT**, and **CLARK**, and others known and unknown to the Grand Jury.

5. Throughout this Defendant **MAXWELL** used cell phones and social media communication applications, such as Signal and Facebook Messenger applications, to communicate with co-conspirators while incarcerated.

6. Defendant **MAXWELL** obtained methamphetamine and fentanyl from **MAXWELL's** sources of supply, a transnational criminal organization.

7

7. Defendant **MAXWELL** relied on others to store, accept deliveries, distribute controlled substances, and to make payments for the **MAXWELL** house drug debt using U.S. currency and firearms.

8. Defendant **MAXWELL** communicated with potential buyers of methamphetamine and fentanyl using cell phone, Signal, and Facebook Messenger.

9. Defendant **MAXWELL** directed the activities of co-conspirators, including Defendants **MARTIN**, **BRICKER**, **PIERCE**, **SHUFFIELD**, **LUNA**, **TREAT**, and **CLARK**, and others known and unknown to the Grand Jury, to receive and store bulk quantities of methamphetamine and fentanyl, to make deliveries to customers, and to pay for **MAXWELL**'s drug indebtedness by tendering money and firearms to **MAXWELL**'s source of supply.

## OVERT ACTS

In furtherance of this conspiracy and to accomplish its objects, the conspirators committed the following overt acts, among others, in the Northern District of Oklahoma and elsewhere:

1. In or about October 2022, members of the **MAXWELL** house used a location in Meeker, Oklahoma, to store powder and liquid methamphetamine.

2. On or about March 23, 2023, Defendant **MAXWELL** communicated with an undercover law enforcement agent ("UA") and a confidential source ("CS") using Signal to negotiate the purchase of several firearms.

3. On or about March 23, 2023, Defendant **MAXWELL** communicated with a UA and CS confirming the firearms were being delivered by "two guys he trusted

and a gal," and provided a description of the car the drug trafficking organization ("DTO") member would be driving to deliver the firearms.

4.     On or about March 23, 2023, Defendants **SHUFFIELD** and **LUNA** drove to Tulsa, Oklahoma, to meet a UA and CS, and to deliver numerous firearms to the UA and CS in exchange for payment of $12,000.

5.     On or about April 17, 2023, Defendant **MAXWELL** communicated with a CS using Signal to send the CS pictures of clear plastic baggies of crystal methamphetamine.

6.     On or about April 27, 2023, Defendant **MAXWELL** communicated with a UA and CS using Signal to negotiate the purchase of a kilogram of crystal methamphetamine, a k-pack of fentanyl, and firearms.

7.     On or about April 27, 2023, a member of the **MAXWELL** house delivered two firearms to a UA and collected $900 as payment.

8.     On or about April 27, 2023, Defendant **MARTIN** met with a UA and a CS and delivered a kilogram of crystal methamphetamine and a k-pack of fentanyl pills in exchange for $6100 as payment for the drugs.

9.     On or about April 30, 2023, the member of the **MAXWELL** house communicated with a UA using text message regarding the sale of firearms to the UA.

10.    On or about May 2, 2023, the member of the **MAXWELL** house confirmed the meeting with the UA in Tulsa.

11.    On or about May 3, 2023, the member of the **MAXWELL** house met with UAs in Tulsa to sell them firearms and provided an auto sear as a sample.

12. On or about May 8, 2023, the member of the **MAXWELL** house communicated with a UA regarding the sale of additional auto sears to the UA.

13. On or about May 9, 2023, the member of the **MAXWELL** house agreed over text messages to drive to a meeting location in Tulsa to sell firearms and auto sears to the UA.

14. On or about May 10, 2023, the member of the **MAXWELL** house texted makes, models, and pictures of eight firearms he had for sale to a UA, and he also advised that two ARs were available.

15. On or about May 10, 2023, the member of the **MAXWELL** house transported within a car 10 handguns, including three which were stolen, one carbine rifle, and one AR15, along with a handwritten list of the firearms and the prices for each, as he drove to meet with the UA.

16. On or about May 10, 2023, Defendant **MAXWELL** utilized Signal to text the CS. During that text, **MAXWELL** confirmed that he knew the member of the **MAXWELL** house was selling "coat hangers" (auto sears) and firearms to the UA and had been recently arrested.

17. On or about May 15, 2023, Defendant **MAXWELL** utilized Signal text to discuss an order for auto sears, firearms, and drugs needed by the UA.

18. On or about May 17, 2023, Defendant **MAXWELL** utilized Signal text to communicate with a CS and advised the CS he had the items on the list for the UA.

19. On or about May 24, 2023, Defendant **MAXWELL** communicated via Signal text with the CS and advised he had everything on the list, the "prints" (auto sears) were clean, but he needed about a week to do the deal because his guys were tied up.

20. On or about May 24, 2023, the member of the **MAXWELL** house texted a UA and advised he had Glock switches and 50 auto sears available for $75 each.

21. On or about May 29, 2023, Defendant **MAXWELL** communicated via Signal text with the CS and advised he had the "coat hangers" available for $75 each and was planning on making a bunch of Glock switches.

22. On or about May 30, 2023, Defendant **MAXWELL** utilized Signal to text the CS and advised his captain **BRICKER** and **MARTIN** would be meeting with the CS and UA to make the delivery.

23. On or about May 31, 2023, Defendant **MAXWELL** arranged for UAs to meet with Defendants **BRICKER**, **MARTIN**, **PIERCE**, and the member of the **MAXWELL** house to meet at a location in Catoosa, Oklahoma.

24. On or about May 31, 2023, Defendants **BRICKER**, **MARTIN**, and **PIERCE** traveled to the meeting location and met with UAs where those Defendants delivered to the UAs 39 auto sears, three handguns, two ARs, one rifle, one suppressor, and ammunition.

25. During that May 31st meeting, Defendants **BRICKER**, **MARTIN**, **PIERCE** also delivered a kilogram of crystal methamphetamine and one k-pack of fentanyl.

26. During that May 31st meeting, Defendant **MARTIN** placed one of the AR style firearms in the backseat of the UAs' vehicle.

27. During that same May 31st meeting, **MAXWELL** explained to the USA by Signal video that the firearm had been 3D printed and that the "blues" (k-pack of fentanyl pills) were $2,500 and the "bird" (kilogram of methamphetamine) was $3000.

28.  On or about May 31, 2023, Defendant **MAXWELL** advised **PIERCE** to take the firearm when the UA did not purchase the 3D printed AR style firearm.

29.  On or about June 7, 2023, Defendant **MAXWELL** communicated by Signal text message with a CS and advised the CS he had a "brick of pure cola" being delivered and provided a screenshot of the FedEx tracking information for the package, which contained 552.5 grams of cocaine.

30.  On or about June 15, 2023, a member of the **MAXWELL** house attended a meeting in Tulsa where the member of the **MAXWELL** house placed a tote in the bed of a black Toyota Tundra.

31.  Subsequently on June 15th meeting, the member of the **MAXWELL** house driving the black Toyota Tundra met with Defendant **HERNANDEZ**, who was driving a red Chevrolet Silverado.

32.  After the June 15th meeting, Defendant **HERNANDEZ** retrieved the tote from the black Tundra and placed it into the bed of his truck and left.

33.  Defendant **HERNANDEZ** drove his truck from the June 15th meeting carrying within it the black bag he previously received from a member of the **MAXWELL** house, which contained approximately 116.8 grams of fentanyl, approximately 119.5 grams of MDMA, and approximately 5.54 kilograms of crystal methamphetamine.

34.  On or about June 23, 2023, Defendant **MAXWELL** communicated by Signal text messages with a UA, sending multiple pictures depicting rifles, handguns, and one grenade launcher, and discussing his interest in selling the firearms to the UA.

35.    On or about July 26, 2023, a member of the **MAXWELL** house directed the UAs to enter the auto sales building and meet with Defendant **CLARK** to discuss the firearms.

36.    Sometime after July 26, 2023, Defendant **MAXWELL** caused members of the **MAXWELL** house to physically deliver the firearms, including Glocks, sears, short-barreled rifles, silencers, and switches, to one of **MAXWELL**'s sources of supply to pay for **MAXWELL**'s drug debt.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii).

## COUNT THREE
## [18 U.S.C. § 924(o)]

From in or about August 2022 to on or about March 20, 2024, in the Northern District of Oklahoma, the defendants, **BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, confederated, and agreed with each other and with other persons, both known and unknown to the Grand Jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section 924(o), as follows:

### OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were:

1.    To use and carry firearms during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c); and

2.    To possess firearms in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

### MANNER AND MEANS OF THE CONSPIRACY

The conspiracy was to be accomplished, and was accomplished, by the following manner and means:

1.    It was part of the conspiracy that the co-conspirators obtained firearms.

2.    It was further a part of the conspiracy that the co-conspirators transported firearms and caused persons to transport firearms from the Northern District of Oklahoma to Mexico.

14

3.    It was further a part of the conspiracy that the co-conspirators traded firearms as payments for methamphetamine and fentanyl.

All in violation of Title 18, United States Code, Section 924(o).

## COUNT FOUR
### [18 U.S.C. §§ 933(a)(1), 933(a)(3), and 933(b)]

On or about March 23, 2023, in the Northern District of Oklahoma, the defendants, **BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," **JOHNNIE MELVIN SHUFFIELD**, and **FRANCISCO RAY LUNA**, a/k/a "Cisco," attempted to ship, transport, transfer, cause to be transported, and otherwise dispose of the following firearms in and otherwise affecting interstate and foreign commerce to a person known to the Grand Jury:

1. A Landor Arms, Model BPX902 Gen 2, 12-gauge shotgun, no serial number;

2. A German Sports Guns, Model GSG-16, .22LR caliber rifle, serial number B113856;

3. A Bushmaster Firearms Inc., Model XM15-E2S, multi-caliber rifle, serial number L409409;

4. A Del-Ton Inc., Model DTI-15, 5.56mm NATO caliber rifle, serial number S152321;

5. A Mossberg, Model 590, 12-gauge shotgun, serial number L697067;

6. An Anderson Manufacturing, Model AM-15, multi-caliber rifle, serial number 18301334;

7. A Palmetto State Armory, Model PA-15, multi-caliber rifle, serial number SCD083931;

8. A Taurus International Manufacturing, Model PT111G29, 9mm caliber pistol, serial number TKT21632;

9. A Glock Inc., Model 30, .45 Auto caliber pistol, serial number TMV889;

10. An HS Produkt, Model XD-9 Sub-Compact, 9 x 19mm caliber pistol, serial number XD830823;

11. A FedArm TK, Model FBS-12, 12-gauge shotgun, serial number B19FB0323;

12. A Norinco, Model MAK90, 7.62 x 39mm caliber rifle, serial number 616410; and

13. A Street Sweeper Inc., Model SS, 12-gauge shotgun, serial number SH5019,

knowing and having reasonable cause to believe that the use, carrying, and possession of the firearms by this person would constitute a felony.

All in violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3), and 933(b).

## COUNT FIVE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about April 27, 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," knowingly and

intentionally distributed 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT SIX
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)]**

On or about April 27, 2023, in the Northern District of Oklahoma, the defendants, **BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and **BLAKE MARTIN**, a/k/a "Rowdy," knowingly and intentionally distributed 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

## COUNT SEVEN
### [18 U.S.C. §§ 933(a)(1), 933(a)(3), and 933(b)]

On or about April 27, 2023, in the Northern District of Oklahoma, the

defendants, **BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," **BLAKE**

**MARTIN**, a/k/a "Rowdy," and others known and unknown to the Grand Jury,

attempted to ship, transport, transfer, cause to be transported, and otherwise dispose

of the following firearms in and otherwise affecting interstate and foreign commerce

to a person known to the Grand Jury:

1. A Palmetto State Armory, Model Pa-15, multi-caliber rifle, serial number SCD687334; and

2. A Palmetto State Armory, Model Pa-15, multi-caliber rifle, with BSA Sight, serial number PA115103,

knowing and having reasonable cause to believe that the use, carrying, and

possession of the firearms by this person would constitute a felony.

All in violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3), and

933(b).

## COUNT EIGHT
### [18 U.S.C. §§ 933(a)(1), 933(a)(3), and 933(b)]

On or about May 3, 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and others known

and unknown to the Grand Jury attempted to ship, transport, transfer, cause to be

transported, and otherwise dispose of the following firearms in and otherwise

affecting interstate and foreign commerce to a person known to the Grand Jury:

1. A Laurona Eibar, 12-gauge over/under shotgun (privately made);

2. A Savage Arms, Model Fox Bse-C, 20-gauge double-barrel shotgun (privately made);

3. A Sig Sauer, Model P320, 9mm caliber pistol, serial number 58K076563;

4. A Ruger, Model P89, 9mm caliber pistol, serial number 309-75565;

5. A Taurus, Model G3, 9x19mm caliber pistol, serial number ABC338524;

6. A Ruger, Model Speed-Six, .357 Magnum caliber revolver, serial number 158-48938;

7. A Rohm, Model Rg10, .22 Short caliber revolver, serial number 023853;

8. A Rohm Gesellschaft (Rg) Industries, Model Rg 14, .22LR caliber revolver, serial number L737646; and

9. A Ruger, Model Security-Six, .357 Magnum caliber revolver, serial number 160-50099,

knowing and having reasonable cause to believe that the use, carrying, and

possession of the firearms by this person would constitute a felony.

All in violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3), and

933(b).

## COUNT NINE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about May 31, 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and others known

and unknown to the Grand Jury, knowingly and intentionally distributed 500 grams

or more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT TEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)]

On or about May 31, 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and others known

and unknown to the Grand Jury, knowingly and intentionally distributed 40 grams

or more of a mixture and substance containing a detectable amount of fentanyl, a

Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(B)(vi).

<u>COUNT ELEVEN</u>
**[18 U.S.C. §§ 933(a)(1), 933(a)(3), and 933(b)]**

On or about May 31, 2023, in the Northern District of Oklahoma, the defendants,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," **BLAKE MARTIN**,

a/k/a "Rowdy," **DAKOTA SCOTT BRICKER**, a/k/a "Brick," **MATTHEW**

**ALLEN PIERCE**, and others known and unknown to the Grand Jury, attempted to

ship, transport, transfer, cause to be transported, and otherwise dispose of the

following firearms in and otherwise affecting interstate and foreign commerce to a

person known to the Grand Jury:

1. A Sig Sauer, Model P229 Elite, 9mm pistol, serial number 45A027491;

2. A Walther, Model PPS, 9mm pistol, serial number AU9934;

3. A Taurus, Model G3C, 9mm pistol, serial number ACL521486;

4. A Rossi, Model R92, .38/.357 lever-action rifle, serial number 7CR061482R;

5. An Advanced Combat, Model AC15-I, .223 caliber rifle, serial number AC2311;

6. A DPMS, Model A-15, 5.56 caliber rifle, serial number F277591;

7. A suppressor; and

8. Thirty-nine machine gun conversion devices,

knowing and having reasonable cause to believe that the use, carrying, and

possession of the firearms by this person would constitute a felony.

All in violation of Title 18, United States Code, Sections 933(a)(1), 933(a)(3), and

933(b).

## COUNT TWELVE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

On or about June 15, 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and others known

and unknown to the Grand Jury, knowingly and intentionally distributed 500 grams

or more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT THIRTEEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)]

On or about June 15, 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and others known

and unknown to the Grand Jury, knowingly and intentionally distributed 40 grams

or more of a mixture and substance containing a detectable amount of fentanyl, a

Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(B)(vi).

## COUNT FOURTEEN
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about June 15, 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and others known

and unknown to the Grand Jury, knowingly and intentionally distributed MDMA, a

Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(C).

**<u>COUNT FIFTEEN</u>**
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]**

On or about June 15, 2023, in the Northern District of Oklahoma, the defendant,

**SANTOS DIEGO MENDEZ HERNANDEZ**, knowingly and intentionally

possessed with intent to distribute 500 grams or more of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled

substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT SIXTEEN
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi)]**

On or about June 15, 2023, in the Northern District of Oklahoma, the defendant,

**SANTOS DIEGO MENDEZ HERNANDEZ**, knowingly and intentionally

possessed with intent to distribute 40 grams or more of a mixture and substance

containing a detectable amount of fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(B)(vi).

## COUNT SEVENTEEN
**[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]**

On or about June 15, 2023, in the Northern District of Oklahoma, the defendant,

**SANTOS DIEGO MENDEZ HERNANDEZ**, knowingly and intentionally

possessed with intent to distribute MDMA, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(C).

## COUNT EIGHTEEN
### [21 U.S.C. §§ 846 and 841(b)(1)(A)(iii)]

In or about June 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and others known

and unknown to the Grand Jury, knowingly and intentionally attempted to possess

with intent to distribute 500 grams or more of a mixture and substance containing a

detectable amount of cocaine, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 846 and

841(b)(1)(A)(iii).

## COUNT NINETEEN
### [21 U.S.C. §§ 846 and 841(b)(1)(A)(viii)]

From in or about April 2023 to in or about August 2023, in the Northern District of Oklahoma and elsewhere, the defendants, **BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," **BLAKE MARTIN**, a/k/a "Rowdy," **LEE HAYDEN ANGLIN**, **JAMES DALE HODGES**, **TISHA ANN SAVAGE**, and **KENNETH DOUGLAS CARTER**, knowingly, intentionally, and willfully conspired, confederated, and agreed, together and with others known and unknown to the Grand Jury, to commit offenses against the United States as follows:

### OBJECTS OF THE CONSPIRACY

The objects of the conspiracy were:

(a) To possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1);

(b) To distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1); and

(c) To use a communication facility, that is, a telephone (cellular or otherwise), in committing, causing, and facilitating the commission of acts constituting felonies in violation of Title 21, United States Code, Section 843(b).

## PURPOSE OF THE CONSPIRACY

The purpose of the conspiracy was to enrich the defendants illegally through the illicit sale of methamphetamine and fentanyl to lower-level distributors, addicts, and drug users who had no lawful means of acquiring the controlled substances.

## MEANS AND METHODS OF THE CONSPIRACY

The objects of the conspiracy were accomplished by the following means and methods, among others:

1. Defendant **MAXWELL** supplied kilograms of methamphetamine to a distribution cell, including Defendants **ANGLIN**, **HODGES**, **SAVAGE**, and **CARTER**.

2. Defendant **ANGLIN** negotiated and entered into an agreement without authorization of law enforcement to obtain distribution amounts of methamphetamine from Defendant **MAXWELL**.

3. Defendant **MAXWELL** fronted methamphetamine to Defendant **ANGLIN**.

4. Defendant **ANGLIN** directed the activities of co-conspirators **HODGES**, **SAVAGE**, and **CARTER**, and others known and unknown to the Grand Jury, to receive and store bulk quantities of methamphetamine, to make deliveries to customers, and to collect payment for **ANGLIN**'s drug indebtedness.

5. At Defendant **MAXWELL**'s direction, Defendant **MARTIN** gave Defendants **SAVAGE** and **CARTER** methamphetamine on behalf of Defendant **ANGLIN**.

6.    Defendant **ANGLIN** relied on Defendants **SAVAGE**, and **CARTER** to transport distribution quantities of methamphetamine to Defendant **HODGES**, who was in Missouri.

7.    Defendant **ANGLIN** relied on Defendant **HODGES** to distribute methamphetamine in Missouri and to collect money from drug transactions.

8.    Defendant **ANGLIN** relied on Defendants **SAVAGE** and **CARTER** to collect drug proceeds from **HODGES** and to transport the drug proceeds from Missouri to Tulsa, Oklahoma.

9.    Defendant **MAXWELL** used cell phones and social media communication applications, such as Signal, to communicate with Defendant **ANGLIN**.

10.    Defendants **ANGLIN**, **HODGES**, **SAVAGE**, and **CARTER** communicated with each other using cell phones.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(viii).

## COUNT TWENTY
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

In or about April 2023, in the Northern District of Oklahoma, the defendant,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," knowingly and

intentionally distributed 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT TWENTY-ONE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

In or about April 2023, in the Northern District of Oklahoma, the defendants,

**LEE HAYDEN ANGLIN, JAMES DALE HODGES, TISHA ANN SAVAGE,**

and **KENNETH DOUGLAS CARTER**, knowingly and intentionally possessed

with intent to distribute 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT TWENTY-TWO
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

In or about May 2023, in the Northern District of Oklahoma, the defendants,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and **BLAKE**

**MARTIN**, a/k/a "Rowdy," knowingly and intentionally distributed 500 grams or

more of a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT TWENTY-THREE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

In or about May 2023, in the Northern District of Oklahoma and elsewhere, the defendants, **LEE HAYDEN ANGLIN**, **JAMES DALE HODGES**, **TISHA ANN SAVAGE**, and **KENNETH DOUGLAS CARTER**, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT TWENTY-FOUR
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

In or about June 2023, in the Northern District of Oklahoma, the defendants,

**BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," and **BLAKE MARTIN**, a/k/a "Rowdy," knowingly and intentionally distributed 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT TWENTY-FIVE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)]

In or about June 2023, in the Northern District of Oklahoma, the defendants,

**LEE HAYDEN ANGLIN, JAMES DALE HODGES, TISHA ANN SAVAGE,**

and **KENNETH DOUGLAS CARTER**, knowingly and intentionally possessed

with intent to distribute 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(viii).

## COUNT TWENTY-SIX
### [18 U.S.C. § 1952(a)(3)]

Beginning in or about April 2023 and continuing to in or about June 2023, in the Northern District of Oklahoma and elsewhere, the defendants, **TISHA ANN SAVAGE** and **KENNETH DOUGLAS CARTER**, traveled in interstate commerce from the state of Oklahoma to the state of Missouri, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, Drug Conspiracy, as set forth more fully in Count Nineteen of this Superseding Indictment, and thereafter performed and attempted to perform an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

All in violation of Title 18, United States Code, Section 1952(a)(3).

## COUNTS TWENTY-SEVEN through THIRTY-SEVEN
### [21 U.S.C. §§ 843(b) and 843(d)(1)]

On or about the dates listed below, in the Northern District of Oklahoma and elsewhere, the defendants, **BRANDON JAMES DALTON MAXWELL**, a/k/a "BMax," **LEE HAYDEN ANGLIN**, and **KENNETH DOUGLAS CARTER**, knowingly and intentionally used a communication facility, that is, a telephone (cellular or otherwise), in committing, causing, and facilitating the commission of acts constituting felonies under Title 21, United States Code, Sections 841 and 846, in that the defendants used the telephones to discuss various matters concerning the conspiracy to possess with intent to distribute and to distribute cocaine, a Schedule II controlled substance, as set forth in the chart below:

| COUNT | DATE | DEFENDANTS | DESCRIPTION OF CALL |
|---|---|---|---|
| 27 | 5/8/2023 | ANGLIN | Text messages directing CARTER and Tisha SAVAGE to deliver $13,000 to an individual at the Will Rogers Casino |
| 28 | 5/12/2023 | ANGLIN and CARTER | Text Messages coordinating the delivery of $20,000 to Blake MARTIN at 614 W 19th Street, Claremore, Oklahoma |
| 29 | 5/16/2023 | ANGLIN and CARTER | Text messages discussing CARTER's delivery of $25,000 |
| 30 | 5/18/2023 | ANGLIN and CARTER | Text messages discussing CARTER and Tisha SAVAGE delivery of $21,000 to Lee ANGLIN at the Hard Rock Casino |

| 31 | 5/20/2023 | **ANGLIN** and **CARTER** | Text messages discussing need for CARTER to delivery money and picked up drugs in Tulsa |
| 32 | 5/23/2023 | **ANGLIN** and **CARTER** | Text messages confirming CARTER made a money drop at 614 W 19th Street, Claremore, Oklahoma to Blake Martin |
| 33 | 5/28/2023 | **MAXWELL** and **ANGLIN** | Signal communication discussing methamphetamine MAXWELL would supply ANGLIN |
| 34 | 5/28/2023 | **ANGLIN** and **CARTER** | Text message and photograph concerning CARTER's receipt and transportation of 25 kilograms of crystal methamphetamine |
| 35 | 5/29/2023 | **ANGLIN** and **CARTER** | Text messages discussing CARTER's receipt of $20,000 from Jamie HODGES and CARTER's subsequent delivery of the money to Blake MARTIN at to 614 W 19th Street, Claremore, Oklahoma |
| 36 | 6/4/2023 | **CARTER** | Text message confirming CARTER delivered $20,000 as directed ANGLIN to MARTIN's |
| 37 | 6/7/2023 | **ANGLIN** and **CARTER** | Text messages discussing Tisha SAVAGE's delivery of money or drug pick up from MARTIN |

All in violation of Title 21, United States Code, Sections 843(b) and 843(d)(1).

## FORFEITURE ALLEGATION
### [18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c)]

The allegations contained in this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses alleged in this Superseding Indictment, as a part of their sentences, the defendants, **BRANDON JAMES DALTON MAXWELL,** a/k/a "BMax," **SANTOS DIEGO MENDEZ HERNANDEZ, BLAKE MARTIN,** a/k/a "Rowdy," **DAKOTA SCOTT BRICKER**, a/k/a "Brick," **MATTHEW ALLEN PIERCE, JOHNNIE MELVIN SHUFFIELD, GARY SCOTT CLARK, FRANCISCO RAY LUNA,** a/k/a "Cisco," **DUSTIN DEAN TREAT, LEE HAYDEN ANGLIN, JAMES DALE HODGES, TISHA ANN SAVAGE,** and **KENNETH DOUGLAS CARTER**, shall forfeit to the United States any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violations, any firearm and ammunition involved in or used in the knowing commission of such offenses, and any property, real or personal, that was used or intended to be used to commit or to facilitate the violation of federal law.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c), the defendants shall forfeit substitute property, up to the value

of the property forfeited if, by any act or omission of the defendants, the property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).


CLINTON J. JOHNSON                          A TRUE BILL
United States Attorney


JOEL-LYN A. MCCORMICK                       /s/ Grand Jury Foreperson
Assistant United States Attorney            Grand Jury Foreperson


45